IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA WESTERN DIVISION

| | | |
|---|---|---|
| JACQUELINE M. GAY Individually and on behalf of a class of persons similarly situated, | * | |
| Plaintiffs, | * | |
| v. | * | CV-05-B-0598-W |
| DELL FINANCIAL SERVICES, LP, | * | |
| Defendant. | | |

## COMPLAINT

### INTRODUCTION

1.     This complaint seeks redress on behalf of the Plaintiff and a class of persons similarly situated for the defendant's violations of the Fair Credit Reporting Act (FCRA) and the Equal Credit Opportunity Act (ECOA).

### THE PARTIES

2.     Plaintiff JACQUELINE M. GAY is over the age of nineteen (19) years and is a resident of Tuscaloosa, Alabama, which is located in the Western Division of this District. At all times relevant hereto, Plaintiff was a consumer as that term is defined by the FCRA.

3.     At all times relevant hereto Plaintiff was a consumer as that term is defined by the FCRA and the ECOA.

4.     Defendant Dell Financial Services (hereinafter DFS) is a consumer financing company with its principal place of business in Round Rock, Texas. Defendant is a "user" of consumer reports within the meaning of § 615 of the FCRA, 15 U.S.C. § 1681m. DFS is also a creditor within the meaning of the Equal Credit Opportunity ECOA as set out in 15 U.S.C. § 1691a(e); Regulation B, 12 C.F.R. §202.2.

### JURISDICTIONAL BASIS

5.     This court has jurisdiction over this matter based upon 28 U.S.C. § 1331, in that this dispute involves predominant issues of federal law. Defendant is liable to Plaintiff pursuant to the provisions of the "Consumer Credit Protection Act of 1968," 15 U.S.C. § 1601, et seq., 15 U.S.C. § 1691e(f) as well as other applicable law.

6.     Venue is proper in this court because the Plaintiff resides in this district. 28 U.S.C. § 1391(b)(1). Venue is proper in this district also pursuant to 28 U.S.C. § 1391 (b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

7.     This is a class action for declaratory and injunctive class relief, statutory damages, and punitive damages, to redress the violations by Defendant of the Fair Credit Reporting Act, (hereinafter the "FCRA"), the Equal Credit Opportunity Act 15 U.S.C. §§ 1691, et seq. (hereinafter the "ECOA"), and Regulation B, 12 C.F.R. § 202 (hereinafter "Regulation B"), promulgated by the Board of Governors of the Federal Reserve System pursuant to Section 703 of the Act, 15 U.S.C. § 1691b.

8.     Plaintiff seeks relief from the acts of Defendant who has utterly failed to provide Plaintiff and class member's notification of adverse action based in whole or in part on their consumer credit reports and notice of action taken on their credit applications.

## FACTUAL ALLEGATIONS

9.     Plaintiff seeks relief from the Defendant based on the Defendant's failure to provide Plaintiff and class members' notification of adverse action based in whole or in part on their consumer credit reports as required by § 615(a) of the FCRA, 15 U.S.C. § 1681m an notice of action taken on their credit applications as required by the ECOA and regulation B.

10.    Defendant Dell Financial Services operates a comsumer financing company with an office located in Round Rock, Texas. On or about January 26, 2005, Plaintiff called Dell

Financial Services and inquired about purchasing a computer from the Defendant based on one their advertisement she had seen on the television.

11. The advertisement stated that computers were available for "only $399.00" and "no money down."

12. The advertisement constituted an offer to sell the computers listed on the terms stated therein.

13. In response to Plaintiff Gay's inquiries, a Dell Financial Services employee obtained a credit report on Plaintiff Gay from Equifax, a "consumer reporting agency" within the meaning of § 603(a) of the FCRA, 15 U.S.C. § 1681a(a).

14. Gay's Equifax credit report obtained by Defendant was a "consumer report" within he meaning of § 603(d)of the FCRA, 15 U.S.C. § 1681a(d).

15. Defendant Dell Financial Services is a "user" of consumer credit reports as that term is used in § 615 of the FCRA, 15 U.S.C. § 1681m.

16. After obtaining Plaintiff Gay's consumer report, Defendant Dell Financial Services refused to sell Plaintiff the computer at the advertised price that she had seen and called Defendant about. The Defendant's employee(s) advised Plaintiff Gay that she did not qualify for a loan for the purchase of the computer and further would have had to pay a substantially higher price for the same computer as another purchaser could have bought it for.

17. The counteroffer to purchase a computer on less favorable terms was declined by the plaintiff.

18. The Defendant's refusal to sell Plaintiff a computer a the advertised price and terms constituted "adverse action" within the meaning of § 603(k) of the FCRA, 15 U.S.C. § 1681a(k) and the ECOA.

19. Upon information and belief, the acts complained of herein were part of a pattern and practice of failing to provide the required notices to credit applicants against whom adverse action has been taken.

20. Upon information and belief, Defendants maintain no procedures designed to insure that the required notices will be provided to the class members, or alternatively, the procedures that are maintained are inadequate to insure that the required notifications are provided.

21. The Defendant's failure to comply with the FCRA adverse action notice requirement was "willful" within the meaning of § 616 of the FCRA, 15 U.S.C. § 1681n.

22. Defendant's failure to comply with ECOA and FCRA is intentional and ongoing.

23. The defendant at no time provided Plaintiff with the written notification required by § 202.9(a)(2) of Regulation B or the notice of adverse action required by the FCRA.

24. Defendant is liable to Plaintiff for statutory punitive damages of $10,000, pursuant to § 706(b) of the ECOA, 15 U.S.C. § 1691e(b).

25. Pursuant to 15 U.S.C. § 1681n(a) Plaintiff is also entitled to between $100.00 and $1,000.00 in statutory damages for defendant's failure to comply with 15 U.S.C. § 1681m.

26. The acts complained of herein were committed by Defendant willfully, intentionally, purposefully, and/or in reckless disregard of the rights of Plaintiff.

27. Unless Defendant is ordered to provide to Plaintiff and class members the notifications required by law, Plaintiff and class members will continue to suffer irreparable injury for which there is no adequate remedy at law.

28. Upon information and belief, the acts complained of herein were done by Defendant as part of a pattern and practice of failing to provide the required notices to credit applicants against whom adverse action has been taken.

29. Upon information and belief, Defendant maintains no procedures designed to insure that the required notices will be provided to the class members, or such procedures which are maintained are inadequate to insure that the required notification is provided.

30. Regarding those class members who have already had adverse action taken on their credit applications, unless Defendant is ordered to provide to them the required notification, they will continue to suffer irreparable injury for which there is no adequate remedy at law.

31. Regarding those class members who have as yet not had adverse action taken on their credit applications, unless Defendant is ordered by this Court to undertake to establish and maintain appropriate procedures which are adequate to insure that the required notifications are provided, they will suffer irreparable injury for which there is no adequate remedy at law.

32. Plaintiff is entitled to be granted reasonable attorney's fees and costs, pursuant to § 706(d) of the ECOA, 15 U.S.C. § 1691e(d) and 15 U.S.C. § 1681n(a)(3).

## COUNT I
## (EQUAL CREDIT OPPORTUNITY ACT)

33. Plaintiff incorporates the relevant forgoing paragraphs as if set forth verbatim herein.

34. Defendant has not complied with the notification requirements of the Equal Credit Opportunity Act set forth in Regulation B, 12 C.F.R. §202.9(a)(1)(i) and had otherwise violated the ECOA.

WHEREFORE, Plaintiff demands judgment for willful and/or negligent violation of the Equal Credit Opportunity Act and seeks actual damages, statutory damages, punitive damages, attorney fees and costs of this cause.

## COUNT II
## (FAIR CREDIT REPORTING ACT)

35. Plaintiff incorporates the relevant forgoing paragraphs as if set forth verbatim herein.

36. Defendant has not complied with the requirements of users of consumer credit reports mandated by the Fair Credit Reporting Act set forth in 15 U.S.C. § 1681m and has otherwise violated the FCRA.

WHEREFORE, Plaintiff demands judgment for willful and/or negligent violation of the Fair Credit Reporting Act and seeks actual damages, statutory damages, punitive damages, attorney fees and costs of this cause.

## COUNT III
## (CLASS ACTION ALLEGATIONS)

37. Plaintiff incorporates the relevant forgoing paragraphs as if set forth verbatim herein.

38. Plaintiff prays that this Court will certify this action as a class action as provided by Federal Rules of Civil Procedure, Rule 23 and realleges and incorporates by reference the allegations of the Counts of the Complaint on behalf of all persons herein described belonging to the class or any subclass therein.

39. Plaintiff brings this action on behalf of herself and all members of a class composed of persons within who have been subjected to an adverse action based in whole or in part upon information contained in a consumer report in violation of the ECOA and the FCRA.

40. Plaintiff brings this action on behalf of herself and all members of a subclass composed of persons within who have been subjected to an adverse action based in whole or in part on information contained in a consumer report in violation of the ECOA.

41. Plaintiff brings this action on behalf of herself and all members of a subclass composed of persons within who have been subjected to an adverse action based in whole or in part upon information contained in a consumer report in violation of the FCRA.

42. Plaintiff avers the class and the subclasses are sufficiently numerous that joinder of all members is impractical. Plaintiff further avers that there are questions of law or fact common to the class and subclasses relating to the conduct of the Defendant regarding said

Case 7:05-cv-00598-SLB   Document 1   Filed 03/21/05   Page 7 of 8

claims. Plaintiff further avers that his claims as representative of the class and subclasses are typical of the class and subclasses. Plaintiff further avers that in a representative capacity he will fairly and adequately protect the interest of the class and any subclasses.

43. Each class or subclass member has had his consumer report accessed in connection with a consumer transaction with defendant and has been subjected to an adverse action based on information contained in said reports without proper notification in accordance with the requirements of the ECOA and/or the FCRA.

44. Names and addresses of class members are presently unknown to Plaintiff but can be readily ascertained from the Defendant's business records.

45. The common or similar issues of law and fact, predominate over individual issues and include, but are not limited to the following:

    a. Each class or subclass member has been subjected to conduct by the Defendant that was in violation of the ECOA and/or the FCRA.

    b. Proof of common facts and legal doctrines by the representative Plaintiff will determine the claims of each member of Plaintiff's class and subclass; and

    c. The class action proceeding will provide a practical basis for the determination of all interests of the parties, prevent inconsistent adjudications, maximize judicial economy and is superior to all other available methods of fair and efficient adjudication of the controversy.

46. The named representative's claims are typical and representative of the class and subclasses.

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief:

    1. Certify this action as a class action as alleged, and so certify it and set it for hearing on the certification or the classes at the earliest practicable time;

    2. Declare the acts and omissions of Defendant to be violative of the ECOA, Regulation B and/or the FCRA;

    3. Award Plaintiff and class members FCRA statutory damages of $1,000 each;

    4. Award Plaintiff and the class statutory ECOA punitive damages of $500,000.00 or 1% of the net worth of the defendant;

    5. Issue an injunction (a) ordering Defendant to provide to Plaintiff and class members the notifications required by law (b) ordering Defendant to establish and maintain appropriate procedures adequate to insure compliance with the ECOA, Regulation B (c) and the FCRA; award the class members punitive statutory damages and;

    6. Award a reasonable attorney's fee;

    7. Award to Plaintiff and to the class members their costs; and

    8. Grant such other and further relief as may be just and proper.

Respectfully submitted this the 17th day of March, 2005

_____
Earl P. Underwood, Jr. (UND008)
Attorney for Plaintiff
PO Box 969
21 South Section Street
Fairhope, AL 36532
(251) 990-5558

s/Milton Brown, Jr.
asb-1143-r59m
2608 8th Street
Tuscaloosa, Al  35401
Tel.: (205) 391-0620
Fax: (205) 349-5450
brownattorney@yahoo.com

PLAINTIFF DEMANDS A TRIAL BY JURY

_____
Earl P. Underwood, Jr.